### JOHN S. McCALLA v. CALVIN S. ACKER.

(Filed September 3, 1904.)

1. **RESULTING TRUST—Demurrer—Findings of Fact by Secretary Conclusive, When.** Findings of fact made by the Secretary of the Interior in a contest over public land, when attached to or made a part of a petition to declare a resulting trust, are deemed conclusive and binding in a hearing on a demurrer to such petition, in the absence of a complete copy of all of the evidence taken on the contest trial; and if the judgment of the Secretary of the Interior is consistent with his findings, a demurrer to such petition should be sustained.

2. **PUBLIC LAND—Who Not Disqualified to Enter.** One who was within the Chillocco reservation before the hour of 12 o'clock noon, (central standard time) of September 16, 1893, and made

the race from such reservation into that part of the Cherokee Outlet which was opened to settlement on that day, is not, by reason thereof, disqualified from settling upon and filing a homestead entry upon a portion of said land.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiff in error.

*Cline & Duval,* for defendant in error.

Opinion of the court by

BURWELL, J.: Calvin S. Acker made the race into the Cherokee strip on the day of the opening, from the Chillocco reservation and made homestead entry on the southeast 1-4 of section 8, township 27, north of range 2, east of the Indian Meridian in Kay county, Oklahoma. The appellant, John S. McCalla, claimed to be a prior settler on the land, and also contended before the land department, as here, that Acker disqualified himself by going on to the Chillocco reservation before the hour of opening. The question as to which of these two parties was the first settler and as to whether Acker was guilty of abandonment or failed to make sufficient improvements to entitle him to make final proof are questions which have been passed upon by the Interior department, and, in the absence of a copy of the evidence taken upon those hearings, the findings of the Secretary of the Interior are conclusive. But did he disqualify himself by going upon the Chillocco reservation before the opening? We think not. The following map shows the location of this and other reservations and will enable the reader to better understand the reasons for the rule stated herein:

A distinction is sought to be made by appellant between this case and the case of *Winebrenner v. Forney*, 11 Okla. 565; 189 U. S., 148, but we think that the rule laid down in that case must obtain in this. The supreme court of the United States, in affirming that case, said that the one hundred foot strip set apart in the President's proclamation, from which the run could be made meant a strip of land one hundred feet wide around and immediately within the outer boundary of the entire tract of country to be opened to settlement; and it cannot be contended that the Chillocco reservation was opened to settlement, nor was it within the country opened up to settlement within the purview of the law as announced by Justice Brewer in that case. He said:

"The significance of the description; 'around and immediately within the outer boundaries of the entire tract of country to be opened to settlement' is found in the purpose to prevent anyone from being upon a railroad right-of-way running through the tract, or upon any of the separate quarter-sections or sections reserved by the proclamation for school and county purposes within the limits of the entire body."

The Chillocco reservation is not a separate quarter-section or a separate section. It is quite a large body of land reserved for an Indian school, and every argument urged in favor of the case of *Winebrenner v. Forney* will apply with equal force in this case; and we regard that opinion as conclusive and binding upon us.

The judgment of the lower court is hereby affirmed and ordered carried into execution, at cost of appellant.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.