## MARGARET SAYLOR v. JOHN C. FRANTZ.

(Filed June 11, 1906.)

1. **CHEROKEE STRIP—President's Proclamation Construed.** The strip of land referred to in the President's proclamation of August 19, 1893, "one hundred feet in width around and immediately within the outer boundaries of the entire tract of country to be ·opened for settlement" ran around and immediately within the outer boundaries of the body of lands opened for settlement, and not around the outer boundaries of the entire tract specified in the cession and relinquishment of the Cherokee Indians.

2. **SAME—Qualified Entryman.** One who was within the Ponca Indian reservation before the hour of 12 o'clock noon (Central standard time) of September 16, 1893, and made the race from said reservation into that part of the Cherokee Outlet which was opened to settlement on that day, is not by reason thereof, disqualified from settling upon and filing a homestead entry upon a quarter section of land within the country then declared open to settlement.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*S. H. Harris,* for plaintiff in error.

*C. W. Ransom,* for defendant in error.

### STATEMENT OF FACTS.

This action was commenced on the 2nd day of March, 1901, in the district court of Kay county, by the defendant in error against the plaintiff in error, and was to recover possession of and title to the southwest quarter of section nine, township twenty-six, north, range one east of the Indian Meridian, in Kay county, Oklahoma Territory. The

plaintiff in error asks that the patent to the land which was issued to the defendant in error be declared a title in trust for her benefit, for the reason that the defendant in error was disqualified to acquire title to the land under the homestead laws of the United States, by reason of his having entered upon the country known as the Cherokee Outlet prior to twelve o'clock noon, September 16, 1893, and by reason of his having entered into that part of said Outlet known as the Osage Indian Reservation, prior to said opening, and at the hour of twelve o'clock noon, September 16, 1893, entered upon the land in question from the Arkansas River at the south line, or near the south line of township twenty-six, immediately after the hour of opening said country to settlement. In this case, the original contest was between the defendant in error, and Jordan J. Saylor, husband of the plaintiff in error. Saylor died pending the contest, and the same was carried on by the plaintiff in error, his widow. This case was decided in the court below in favor of the defendant in error, to which judgment and decision the plaintiff in error excepted, and brings the case here for review.

Opinion of the court by

IRWIN, J.: It is conceded by counsel for plaintiff in error that the questions here involved are substantially the same questions presented in the case of *Winebrenner v. Forney*, 11 Okla. 565, 189 U. S. 148; and also in the latter case of *McCalla v. Acker*, 78 Pac. 223. This decision has been delayed for some time by the writer of this opinion, at the request of counsel for plaintiff in error, awaiting the decision of the United States supreme court in the case of *McCalla v. Acker.* That case having been affirmed by a de-

cision of the supreme court of the United States on January 8th, 1906, reported in 200 U. S. at page 613, no reason remains for delaying this decision.

In the case of *Winebrenner v. Forney*, 189 U. S. 148, the supreme court of the United States say, in the syllabus:

"The strip of land referred to in the President's proclamation of August 19, 1893, 'one hundred feet in width around and immediately within the outer boundaries of the entire tract of country to be opened to settlement' ran around and immediately within the outer boundaries of the body of lands opened for settlement, and not around the outer boundaries, of the entire tract specified in the cession and relinquishment of the Cherokee Indians."

In the same case, the supreme court of this territory, in the 11th Oklahoma, page 565, say:

"One who was within the Ponca Indian reservation before the hour of 12 o'clock noon (Central standard time) of September 16, 1893, and made the race from said reservation into that part of the Cherokee Outlet which was opened to settlement on that day, is not, by reason thereof, disqualified from settling upon and filing a homestead entry upon a quarter section of land within the country then declared open to settlement."

And, in the case of *McCalla v. Acker*, 78 Pac. 223, this court says:

"One who was within the Chilocco reservation before the hour of 12 o'clock, central standard time, of September 16, 1893, and made the race from such reservation into that part of the Cherokee Outlet which was opened to settlement on that day, is not, by reason thereof, disqualified from settling upon and filing a homestead entry upon a portion of said land."

Affirmed by the supreme court of the United States, in 200 U. S. 613.

On the authority of these cases, the judgment of the district court is hereby affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.